Theodore D. SAWYER and Virginia L. Sawyer, Etc. et al., Plaintiffs-Appellees,

v.

RAYMOND, JAMES & ASSOCIATES, INC. et al., Defendants-Appellants.

No. 79-3440.

United States Court of Appeals, Fifth Circuit. Unit B

April 15, 1981.

Guy M. Burns, St. Petersburg, Fla., for defendants-appellants.

Chad P. Pugatch, Fort Lauderdale, Fla., for Sawyers.

Lawrence D. Martin, Naples, Fla., for Sheperd.

Roger A. Bridges, Coral Gables, Fla., for plaintiffs-appellees.

Before TUTTLE, TJOFLAT and KRAVITCH, Circuit Judges.

TJOFLAT, Circuit Judge:

Raymond, James & Associates, Inc. appeals an order of the district court denying its motion to stay proceedings and compel arbitration of the claims pending against it. We affirm the order of the district court.

I

Raymond, James & Associates, Inc. (Raymond, James) is a securities brokerage firm doing business in the state of Florida. In 1979, clients of the firm filed numerous separate actions against Raymond, James in

the Southern District of Florida. These actions were consolidated, since they are substantially similar; all of them allege common violations of the federal securities laws, the rules and regulations of the New York Stock Exchange and the National Association of Securities Dealers, and the common law of fraud, fiduciary responsibility, and negligence. *See* Record, vol. 1 at 1–10, and vol. 3 at 1–7.

The brokerage firm responded to these actions by filing a motion to stay the proceedings and compel arbitration of all or part of the claims. Record, vol. 3 at 15–17. This motion was based upon arbitration provisions in the Customer Agreements signed by each of the plaintiffs. These agreements took two forms; the respective arbitration provisions provide

14. Any controversy between us arising out of or relating to the contract or the breach thereof shall be settled by arbitration

. . . . .

Record, vol. 1 at 48.

14. The undersigned agrees, and by carrying an account for the undersigned you agree, that all controversies which may arise between us, concerning any transaction or the construction, performance or breach of this or any other agreement between us . . . shall be determined by arbitration

. . . . .

Record, vol. 1 at 50.

The district court denied Raymond, James' motion to compel arbitration, ruling specifically that "the common law claims and the securities claims [are] insufficiently severable to compel arbitration." Record, vol. 3 at 119. This interlocutory appeal followed.

## II

Raymond, James asserts that the district court erred both in denying arbitration of all the claims, and in refusing to sever the federal securities claims from the common law claims and order arbitration of the lat-

ter. We disagree with appellant on both grounds.

In *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Supreme Court held that any agreement to arbitrate claims arising under the Securities Act of 1933 was invalid. With only a minor exception for international securities transactions, *see Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), the *Wilko* rule remains the law. This circuit has recently reaffirmed the vitality of that rule in *Sibley v. Tandy Corp.,* 543 F.2d 540, 543 (5th Cir. 1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977), emphasizing there that "we adhere to the view that the similarities between the 1933 Securities Act and the 1934 Exchange Act far outweigh any differences which might exist, and that the widely held view that *Wilko* is applicable to both the 1933 and 1934 Acts is still correct." *Id.* at 543 n.3. Thus, there is no merit to appellant's contention that the district court should have ordered arbitration of the federal securities claims.

There is, however, express statutory authorization for arbitration of legal disputes other than federal securities claims. Section two of the United States Arbitration Act provides that:

A written provision in any . . . contract involving commerce . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for a revocation of any contract.

9 U.S.C. § 2 (1976). Relying on this provision, Raymond, James argues that all those claims not subject to the *Wilko* rule should be arbitrated in accordance with the federal policy favoring arbitration.

We agree with Raymond, James that those claims falling outside *Wilko*'s scope are arbitrable, and thus this case "raises the problem of what a court should do where arbitrable claims are joined with claims not subject to arbitration." *Tandy,* 543 F.2d at 542. This circuit has enunciated

a case-by-case test to resolve this problem: "when it is impractical if not impossible to separate out non-arbitrable federal securities law claims from arbitrable contract claims, a court should deny arbitration in order to preserve its exclusive jurisdiction over the federal securities act claims." *Id.* at 543. As we have applied this test, factual severability of the disputed claims is of central importance. If "[a]n arbitrator making a decision on the [arbitrable] claims would have been impelled to review the same facts needed to establish the plaintiff's securities law claim," a district court should not sever the arbitrable claims. *Id. See also DeHart v. Moore,* 424 F.Supp. 55 (S.D.Fla.1976).

In *Tandy,* we ordered severance and arbitration of common law claims originally pleaded in conjunction with asserted violations of the federal securities laws. Despite the presence of the securities claims, the pleadings in *Tandy* revealed the suit to be primarily founded in contract, with the central dispute being "over corporate valuations centered around complex issues of accounting and valuation." *Tandy,* 543 F.2d at 543. The securities law claims were pleaded alternatively; the court deemed those claims a "second fall-back position" of the litigant, *id.* at 544, and stressed that when the complaint was viewed "in the sequence that logic commands", *id.* at 543, the securities claims were dependent upon, rather than intertwined with, the contract claims. *Id.* Indeed, the court emphasized that arbitration might establish the complete lack of any federal securities law claims, *id.* at 544, and thus ordered severance and arbitration.

Upon review of the record before us, we find that the district court did not err in viewing the pleadings here as distinctly different from those in *Tandy.* Here, the plaintiffs have presented the court with a single recitation of facts, revealing an emphasis upon the element of scienter, *see Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), giving rise to numerous federal and common law claims. The gravamen of each of the complaints is that Raymond, James acted intentionally, through misrepresentations, to defraud the plaintiffs by entering into a course of undisclosed and unjustifiable, high risk, uncovered stock option transactions. It is this unitary course of conduct that is the common source of each of the alleged claims. Those claims sounding in federal securities law are the very core of the action; the other claims, while of independent significance, are inextricably tied to the factual allegations supporting the securities claims, and indeed could not stand absent those factual contentions. *See* Record, vol. 1 at 1–10, vol. 3 at 1–7. An arbitrator attempting to resolve these non-federal claims would certainly be "impelled to review the same facts," *Tandy,* 543 F.2d at 543, a district court would review to resolve the federal securities claims. Thus, the district court was correct in viewing severance and arbitration as impractical and inappropriate.

Therefore, appellant's contentions must be rejected, the order of the district court AFFIRMED, and the cause REMANDED for further proceedings.