MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Plaintiff-Appellant,

v.

Helen Echo HAYDU, Defendant-Appellee.

No. 81–6114.

United States Court of Appeals, Eleventh Circuit.

May 10, 1982.

---

Bennett Falk, Walton, Lantaff, Schroeder & Carson, Miami, Fla., for plaintiff-appellant.

Bartel, Shuford & Dubitsky, P. A., Bill Shuford, Jr., Stanley J. Bartel, Miami, Fla., for defendant-appellee.

Before MILLER *, Judge, TJOFLAT and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Merrill Lynch appeals from the dismissal of its action in federal district court below. That court acted in accordance with instructions provided by this court in a prior consideration of this lengthy dispute. The panel at that time set forth the history of this litigation; we borrow that history.

On January 10, 1979, Helen Echo Haydu, appellant [here appellee], filed a complaint in Florida state court alleging negligence, fraud, and breach of fiduciary duties in the handling of two of her stock option accounts by appellee [here appellant] Merrill Lynch, Pierce, Fenner & Smith, Incorporated [Merrill Lynch]. The stock option agreements contained an arbitration clause that provided that any disputes between the parties would be settled through arbitration. Haydu admits that she signed both agreements but claims that she did so under duress.

On February 5, 1979, Merrill Lynch removed the state action to the United States District Court for the Southern District of Florida [district court I]. Merrill Lynch then filed a motion to compel arbitration and stay further proceedings pursuant to the Federal Arbitration Act, 9 U.S.C.A. §§ 1–14, on February 9, 1979. Haydu moved to remand the case to state court and on February 17, 1979, district court I granted Haydu's motion. District court I remanded the case pursuant to 28 U.S.C.A. § 1447(c) after concluding that the action was "improvidently removed" because (1) there was no invocation of the federal securities laws thus no federal question jurisdiction and (2) there were inadequate allegations of diversity jurisdiction since the removal petition failed to allege diversity at the time the action

was removed as well as at the time the action commenced.

After the remand to state court Merrill Lynch supplemented its motion to compel arbitration by changing its basis for the motion from the United States Arbitration Act, 9 U.S.C.A. §§ 1–14, to the Florida Arbitration Code, Florida Statutes, Chapter 682. The state court denied Merrill Lynch's original and supplemental motions to compel arbitration on July 2, 1979, and ordered a trial.

After the remand, Merrill Lynch filed an independent petition to compel arbitration pursuant to the United States Arbitration Act in the United States District Court for the Southern District of Florida [district court II]. In response, Haydu moved to dismiss the petition or to stay the federal action pending resolution of the state proceedings. On July 11, 1979, district court II granted Merrill Lynch's motion to compel arbitration. Haydu did not plead the July 2nd state court judgment in district court II until July 13, 1979, in a motion Haydu filed to reconsider the July 11th order. District court II denied the motion to reconsider on July 19, 1979.

The state court, apparently uncertain of its jurisdiction in light of district court II's July 11th order, vacated its July 2nd order. However, on November 7, 1979, the state court fully reinstated its July 2nd order *nunc pro tunc* when it denied Merrill Lynch's motion to abate the state proceedings. Merrill Lynch's appeal from the denial of its motion to abate was actively pending in state court until district court II, acting upon Merrill Lynch's motion, enjoined further state proceedings on January 11, 1980. Haydu had moved district court II to stay the federal proceedings pending her appeal of the July 11th order. On December 17, 1979, this Court granted Haydu's motion to stay pending appeal but relinquished to district court II jurisdiction for the restricted purpose of entertaining Merrill

---

* Honorable Jack R. Miller, Judge for the U.S. Court of Customs and Patent Appeals, sitting by designation.

Lynch's application for injunctive relief to determine whether such relief was warranted and permissible in order to protect or effectuate its July 11th order pursuant to 28 U.S.C.A. § 2283. Thus the proceedings in both federal and state courts are stayed pending the outcome of the instant appeal of the July 11th order.

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 637 F.2d 391, 394–95 (5th Cir. 1981) (footnotes omitted).

This court determined that a remand was necessary in order to determine whether the federal district court's action had been barred by the prior state court proceeding.

> District court II should dismiss this action unless it can be shown that the state court's July 2nd order did not rule on Merrill Lynch's federal arbitration claims in its original motion to compel arbitration and stay further proceedings and that the state court's July 2nd order does not have final effect under Florida law.

637 F.2d at 399 (footnote omitted).

On remand the district court determined that the state court had finally disposed of the federal arbitration claim and dismissed the action. Merrill Lynch appeals and we affirm.

We do not address, however, the correctness of the district court determination below. Such review is not necessary because an amended complaint filed before the state court makes the claim nonarbitrable. Further, we view this case in a much more developed posture than did this court in February 1981. Comity concerns, strong then, now overwhelmingly compel us to allow this cause to proceed to completion in state court.

Plaintiff's amended state court complaint contains a 1933 Securities Act count. Although the complaint seems to make reference to § 17 of the Securities Act, for which a private cause of action may not lie,[1] the facts make clear that plaintiff states a claim under § 12 of the Act. *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), stands for the proposition that a contract requiring arbitration does not preclude a party from seeking relief in a court for violations of the 1933 Securities Act.[2] Because Count III states a claim under § 12 and this is not a sham complaint, and given the right to litigate claims under the 1933 Act in a court rather than be compelled to arbitrate, Merrill Lynch fails to make out a case that it is entitled to arbitrate Count III.

Count I of the complaint seeks relief for fraud and misrepresentations in the management of plaintiff's account with defendant and alleges that defendant through its agents purchased securities without authority and failed to account for the unauthorized purchase of securities. Count II alleges claims under the Florida Securities Act. These two counts fall outside the *Wilko* rule and thus generally are arbitrable. When arbitrable and nonarbitrable claims are asserted in a complaint, a district court should not sever the arbitrable claims if the arbitrator making a decision on these claims would be "impelled to review the same facts needed to establish the plaintiff's securities law claim." *Sawyer v. Raymond, James & Associates, Inc.,* 642 F.2d 791, 792 (5th Cir. 1981). This issue has been amply discussed in *Sawyer, supra; Miley v. Oppenheimer & Co., Inc.,* 637 F.2d 318 (5th Cir. 1981); and *Sibley v. Tandy Corp.,* 543 F.2d 540 (5th Cir. 1976). In

---

1. A split of authority exists among federal courts on the question whether an implied private right of action lies under § 17 of the Securities Act of 1933. Apparently, no Fifth Circuit case has addressed this question. However, district courts within the circuit have taken the position that a private right of action does not lie under § 17. *See, e.g., Westlake v. Harris,* 504 F.Supp. 337, 346 (N.D.Ga.1980); *Gunter v. Hutcheson,* 433 F.Supp. 42 (N.D.Ga.1977).

2. The *Wilko* Court held that an agreement between a purchaser and broker to arbitrate future controversies is a "condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision" of the Securities Act of 1933, which section 14 of that Act declares to be void. The Court stated that "the right to select the judicial forum is the kind of 'provision' that cannot be waived under § 14 of the Securities Act." *Id.* at 435, 74 S.Ct. at 186.

reviewing the complaint here, it appears that the arbitrable and nonarbitrable claims are intertwined and depend on the same facts.

For common sense and comity reasons, we should not stop this trial which is set for this month. On January 10, 1979, plaintiff filed her state court complaint, starting a three-year journey to nowhere through the state and federal courts. This is the second appeal to this court, the first one by Ms. Haydu.

■ Merrill Lynch has two appeals pending in the state court, one of which it has not pursued. The other, striking the pleadings of the defendant for failure to provide discovery, was set for argument March 8. In both courts, Merrill Lynch has sought an order requiring arbitration. The state court denied Merrill Lynch's motion. Merrill Lynch appealed, but has failed to pursue the appeal. Abandoning in state court a parallel right granted in a federal forum forfeits the party's right to seek that relief later in the federal forum.

Our prior panel opinion said:

Given the concurrent jurisdiction of the state and federal courts that existed in this instance and especially in view of the prior remand, a stay of Merrill Lynch's independent action by district court II would have been appropriate.

637 F.2d 391 at 397. Principles of comity require that in view of the current advanced posture of this case we yield jurisdiction to the state courts.

■ Principles of comity come into play when separate courts are presented with the same lawsuit. When faced with such a dilemma, one court must yield its jurisdiction to the other, unless one court has exclusive jurisdiction over a portion of the subject matter in dispute. Principles of comity suggest that a court having jurisdiction over all matters in dispute should have jurisdiction of the case. Otherwise, the fractioned dispute would have to be resolved in two courts. In this case, both courts have jurisdiction over the arbitration dispute under 9 U.S.C. § 3. As set out in the prior panel opinion in this case, state courts, as well as federal courts, have jurisdiction over federal arbitration. Since the federal act is substantive law, it must be considered in a state court action. Merrill Lynch removed the dispute to federal court, but the district court remanded the case pursuant to 28 U.S.C. § 1447(c) for lack of federal question or diversity jurisdiction. (28 U.S.C. § 1447(d)). After the removal, Merrill Lynch filed an independent action to compel arbitration at which time it alleged diversity of citizenship and the jurisdictional amount in controversy. This was filed six weeks after plaintiff had sued in state court. Since the state court had jurisdiction of the entire matter, including Merrill Lynch's motion for arbitration under the federal act, and the federal forum had only the motion seeking arbitration, the federal court should yield jurisdiction to the state court which had all matters before it. Additionally, the state court had prior jurisdiction, and convenience of the parties was served just as easily in the state court as in the federal court.

■ Congress has expressed its concern over friction between federal and state courts. *See, e.g.*, 28 U.S.C. § 2283 (stay of state court proceedings discouraged). Several judicial doctrines discourage needless conflict between the separate judicial systems. *See, e.g., Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) ("Younger" abstention). The continued vitality and independence of concurrent judicial systems require our sensitive consideration of ongoing proceedings in state courts. *See, e.g., Toucey v. New York Life Insurance Co.*, 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100 (1941). In short, federalism concerns require that a federal court "tread lightly" when a state proceeding is already underway. *See, e.g., Southern California Petroleum Corp. v. Harper*, 273 F.2d 715, 718–20 (5th Cir. 1960). There is no indication that the state court here is incapable of resolving this dispute. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 494, 62

**1174**

S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). "End runs" around the removal statute have long been in disfavor. *Kaufman Ruderman, Inc. v. Cohn and Rosenberger*, 177 F.2d 849 (2d Cir. 1949); *Thompson v. Moore*, 109 F.2d 372 (8th Cir. 1940).

 In addition to the federalism concerns, practicality dictates a relinquishment of jurisdiction. This case has proceeded on parallel tracks for three years. All that has been accomplished is a state court order denying arbitration and a federal court order compelling it. The matter was first presented to the state court which first decided the question. In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971). It should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction. There are no reasons compelling the federal court, last into this case, which remanded after removal proceedings, to decide the case. The facts compel an opposite result. This cause is scheduled for trial within a week in the state court. Since the lifting of the stay in July, the state court system has acted on this cause with dispatch. Judgment has been entered against Merrill Lynch (which has appealed that judgment in the state court system) on the liability issues. Trial on damages alone is scheduled. Although comity is clearly a discretionary judicial concept, the concerns embodied therein and the equities asserted here compel a state court resolution of this matter.

For these reasons, we AFFIRM.