745 F.2d 1419
 Fed. Sec. L. Rep. P 91,831
Bernice Barbour RAIFORD, Morgan B. Raiford, Plaintiffs-Appellees,
v.
BUSLEASE INC., Merrill Lynch, Pierce, Fenner & Smith, Inc.,
and Thomas F. Morris, Defendants-Appellants.
Morgan B. RAIFORD, Plaintiff-Appellee,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al.,
Defendants-Appellants.
Bernice B. RAIFORD, Plaintiff-Appellee,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Thomas F.
Morris, Defendants- Appellants.
 Nos. 83-8364, 84-8156 and 84-8157.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 9, 1984.
 
 Paul W. Stivers, Janice E. Garlitz, Atlanta, Ga., for defendants-appellants in all cases.
 James A. Parker, Atlanta, Ga., for plaintiffs-appellees in all cases.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before GODBOLD, Chief Judge, HILL, Circuit Judge, and THORNBERRY*, Senior Circuit Judge.
 GODBOLD, Chief Judge:
 
 
 1
 Plaintiffs asserted federal securities law claims and pendent state claims in suits in federal court. Defendants, under provisions of its contracts with plaintiffs, demanded arbitration. The state law claims were arbitrable. The federal law claims were not. Defendants moved to stay the federal court proceedings on the state law claims pending the arbitration of those claims. The district court denied the stay because the state law claims were "intertwined" with the non-arbitrable federal law claims that were to proceed in federal court. We affirm.
 
 I. Facts and procedural history
 
 2
 Dr. and Mrs. Raiford invested in securities through Morris, an account executive at Merrill Lynch, Pierce, Fenner & Smith, Inc. Through Morris, Dr. and Mrs. Raiford each subscribed for and purchased two buses to be managed by Buslease, Inc. Investment in the program was not through registered securities but through the private placement provisions of SEC Rule 146.
 
 
 3
 Approximately one year after their purchases the Raifords each sued Buslease, Merrill Lynch, and Morris ("the Buslease case") in federal court. Count 1 alleged that the investments involved securities not registered in violation of section 5 of the Securities Act of 1933, 15 U.S.C. Sec. 77e (1982). Count 2 alleged that Merrill Lynch and Morris, in violation of Georgia law, had breached their fiduciary duty to the Raifords as well as committed common law fraud in recommending the buses as investments.
 
 
 4
 Merrill Lynch made a demand for arbitration of all matters subject to arbitration under the contracts between the parties and also moved, pursuant to the Federal Arbitration Act, 9 U.S.C. Secs. 1-14 (1982), for a stay of judicial proceedings on Count 2 (the state law claims) pending arbitration.
 
 
 5
 The Raifords subsequently moved for leave to amend their complaint to add Count 3, alleging a cause of action under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b) (1982) and Rule 10B-5, 17 C.F.R. Sec. 240.10b-5 (1983). Plaintiffs stated that "[t]he amenment [sic] for which leave is sought is necessitated by the assertion by the Defendants of arbitration rights arising out of the Customer Agreements, of which the Plaintiffs had no knowledge at the time their Complaints were originally filed."[1] 1 Rec. at 99 (838364). In Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed.2d 168 (1953), the Supreme Court ruled that any agreement to arbitrate claims arising under the Securities Act of 1933 is invalid. Wilko has been extended to agreements to arbitrate claims arising under the 1934 Exchange Act. Sawyer v. Raymond, James & Associates, Inc., 642 F.2d 791, 792 (5th Cir.1981) (Unit B). Thus the claims under counts 1 and 3 are non-arbitrable.
 
 
 6
 Plaintiffs asserted that if the proposed amendment were allowed there would be a total intertwining of the Rule 10b-5 claim and the state law fraud and fiduciary duty claims. They therefore argued that the district court should deny the defendants' motion to stay in order for the court to preserve its exclusive jurisdiction over the federal securities law claims. The district court granted the plaintiffs' leave to amend and denied the motion to stay. Defendants appealed.
 
 
 7
 Approximately one month after the district court denied defendants' motion the Raifords brought two more suits against Merrill Lynch and Morris alleging churning. The two suits, one by Dr. Raiford and one by Mrs. Raiford, alleged that defendants conducted excessive numbers of transactions in the Raifords' accounts primarily to earn commissions and other income for themselves, that the transactions were unsuitable for the Raifords given their investment objectives and needs, and that the trading losses which the two incurred resulted from such excessive and unsuitable transactions ("the churning cases"). Count 1 of each suit alleged a violation of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b) (1982) and Rule 10b-5, 17 C.F.R. Sec. 240.10b-5 (1983), while Count 2 of each suit alleged Georgia common law fraud and breach of fiduciary duty.
 
 
 8
 Defendants again demanded arbitration of all matters subject to arbitration under the contracts. They also moved, pursuant to the Arbitration Act, for a stay of the proceedings on Count 2 pending arbitration of such claims, or, alternatively, pending a final appellate decision in the Buslease case.
 
 
 9
 The district court subsequently denied the defendants' motion for the stay pending arbitration on the ground that Counts 1 and 2 were "intertwined" but granted the alternative motion for a stay pending final appellate decision in the Buslease case.
 
 
 10
 The Raifords meanwhile had moved to dismiss the appeal in the Buslease case, asserting that the decision was not final. This motion was carried with the case. Consequently, Merrill Lynch requested the district court to lift its stay of all proceedings on the state law claims in the churning cases, a nonfinal order, so the defendants could immediately appeal the denial of the stay pending arbitration and obtain a decision on the merits of the intertwining doctrine. The district court lifted its stay of all proceedings in the churning cases, leaving in force its denial of defendants' motion for a stay on the state law claims, thereby permitting an appeal.
 
 
 11
 The defendants appealed these denial of stays, and the two churning cases were consolidated with the Buslease case for purposes of appeal. At oral argument the parties agreed that if the court concluded it did not have jurisdiction in the Buslease case, its determination on the merits in the churning cases would be stare decisis in the Buslease cases. We, therefore, pretermit decision on the motion to dismiss the Buslease cases. In view of the parties' express willingness that the merits decision in the churning cases may control the Buslease cases, we treat the Buslease appeals as dismissed by agreement of the parties. This leaves them pending in the district court, which can apply our decision to them.
 
 
 12
 II. Traditional Eleventh Circuit "intertwining" doctrine
 
 
 13
 When, as in this case, a complaint filed in federal court alleges both arbitrable state or common law claims and nonarbitrable federal law claims, a party seeking arbitration can move to stay: (1) the entire proceedings pending arbitration; (2) only the proceedings as to the nonfederal claims pending arbitration; or (3) the proceedings on the nonfederal claims, pending arbitration to be conducted after judgment resolution of the federal claims ("ordering"). Under the first alternative, the federal proceedings follow upon the completion of the arbitration; under the second, the federal proceedings and the arbitration may proceed simultaneously; under ordering, the arbitration follows upon the completion of the federal proceedings.[2]
 
 
 14
 The doctrine of intertwining has developed in this circuit exclusively in regard to the first of these alternatives. See Sibley v. Tandy Corp., 543 F.2d 540, 541 (5th Cir.), cert. denied, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977); see also, Belke v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 693 F.2d 1023, 1025 (11th Cir.1982); Sawyer v. Raymond, James & Associates, Inc., 642 F.2d 791, 792 (5th Cir.1981) (Unit B); Wick v. Atlantic Marine, Inc., 605 F.2d 166, 167 (5th Cir.1979).[3] It is a judicially created exception to the command of section 3 of the Arbitration Act that the court, on application of a party, shall "stay the trial of the action until [the agreed to] arbitration has been had ...." It holds that "when it is impractical if not impossible to separate out non-arbitrable federal securities law claims from arbitrable contract claims, a court should deny arbitration in order to preserve its exclusive jurisdiction over the federal securities act claims." Sibley, 543 F.2d at 543; accord Belke, 693 F.2d at 1026; Sawyer, 642 F.2d at 793. The federal court's exclusive jurisdiction could be impaired by the preclusive effect of findings of fact in a preceding arbitration proceeding. Belke, 693 F.2d at 1026; Miley v. Oppenheimer & Co., 637 F.2d 318, 336 (5th Cir.1981) (Unit A).
 
 
 15
 A second possible justification for the intertwining doctrine, debated by a number of other circuits, is that severing closely related claims and trying them in different forums is inefficient and frustrates the purpose of the Arbitration Act to promote fast, inexpensive dispute resolution. Byrd v. Dean Witter Reynolds, Inc., 726 F.2d 552, 554 (9th Cir.1984); Liskey v. Oppenheimer & Co., 717 F.2d 314, 317-18 (6th Cir.1983); Dickinson v. Heinold Securities, Inc., 661 F.2d 638, 643-46 (7th Cir.1981). See n. 7, infra.
 
 III. The applicability of intertwining
 
 16
 Merrill Lynch rejects the above two justifications, arguing that under ordering, the third alternative above, there is no threat of collateral estoppel and that the inefficiency of dual proceedings can be mitigated. (Brief for Defendants-Appellants at pp. 20-23). But Merrill Lynch did not request ordering by the district court. It only requested a stay of proceedings on the "claims presented in count III ... pending arbitration of such claims." Defendants' Motion to Stay Proceedings, Rec. at 25 (No. 84-8156).[4] As we have pointed out, the difference is not trivial. In ordering, as the name implies, the court controls the sequence of events. Where state law claims are merely stayed pending arbitration, a race to final decision may ensue between federal judicial proceedings and arbitration, with attendant undesirable consequences. We cannot hold the trial court in error on the basis of arguments going to a type of relief that was not requested.[5]
 
 
 17
 As already noted, our previous cases have addressed intertwining in the context of a motion to stay proceedings on all claims. Here, Merrill Lynch asked for a stay of only proceedings on the state claims.[6] We hold that the intertwining doctrine applies.
 
 
 18
 Insofar as efficiency remains a justification of the intertwining doctrine,[7] the distinction between a motion to stay proceedings on all claims and one to stay proceedings only on the state claims is unimportant since both entail two separate proceedings. More importantly, a threat of issue preclusion remains even when arbitration proceeds simultaneously with the federal claim proceedings: the former may simply be concluded prior to the latter. This conclusion is explicitly confirmed by the Fifth Circuit's opinion in Miley, 637 F.2d at 336, which like the Eleventh Circuit caselaw on intertwining, is a progeny of Sibley v. Tandy Corp. In addition, this possibility of preclusion might have the unfortunate effect of encouraging parties to deliberately speed or slow one of the two proceedings and could pose troublesome questions of priority. We conclude, therefore, that the intertwining doctrine extends to motions to stay nonfederal proceedings.
 
 
 19
 Summarizing, we have ruled that the intertwining doctrine does apply to motions to stay nonfederal proceedings, and we find no reason to disturb the trial court's finding that Counts 1 and 2 in this case are indeed intertwined. The appeal in the Buslease case, No. 83-8364, is DISMISSED. In the churning cases, Nos. 84-8156, 84-8157 the trial court's order denying defendants' motion to stay proceedings on the state claims is AFFIRMED.
 
 
 
 *
 Honorable Homer Thornberry, U.S. Circuit Judge, for the Fifth Circuit, sitting by designation
 
 
 [1]
 We do not consider the Raifords' assertion that they should not be bound by the arbitration provision of their contracts because they were not informed of the provision when they signed the customer agreements. This issue is not properly before us, and the record does not contain facts necessary to its determination
 
 
 [2]
 Though the Eleventh Circuit has not ruled on ordering, a number of other circuits have. See Byrd v. Dean Witter Reynolds, Inc., 726 F.2d 552 (9th Cir.), cert. granted, --- U.S. ----, 104 S.Ct. 3509, 82 L.Ed.2d 818 (1984); Liskey v. Oppenheimer & Co., 717 F.2d 314 (6th Cir.1983); Dickinson v. Heinold Securities, Inc., 661 F.2d 638 (7th Cir.1981); Lee v. Ply* Gem Industries, Inc., 593 F.2d 1266 (D.C.Cir.), cert. denied, 441 U.S. 967, 99 S.Ct. 2417, 60 L.Ed.2d 1073 (1979)
 
 
 [3]
 Two other Eleventh Circuit cases, Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169 (11th Cir.1982) and Ultracashmere House, Ltd. v. Meyer, 664 F.2d 1176 (11th Cir.1981) involve actions that originated in state court
 
 
 [4]
 The motion in the second churning case is identical. See Defendants' Motion to Stay Proceedings, Rec. at 26 (No. 84-8157)
 
 
 [5]
 The intertwining doctrine has not been applied in an ordering case in this circuit, and whether it should be is a question to be decided another day
 
 
 [6]
 The trial court may have misunderstood Merrill Lynch's motions in the churning cases which it described as motions to stay first "these cases pending arbitration" and alternatively "the proceedings on the claims in Count 2" pending the Buslease appeal. Order of August 16, 1983, Rec. at 145-46 (No. 84-8157); Order of August 16, 1983, Rec. at 144-45 (No. 84-8156). This does not affect this appeal, however, since we hold that the trial court should have applied the intertwining doctrine anyhow
 
 
 [7]
 Merrill Lynch argues that the Supreme Court's recent decision in Moses H. Cone Hospital v. Mercury Construction, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), "flatly rejected the argument that inefficiencies caused by two separate proceedings justify ... denying the right to arbitration." (Brief for Defendants-Appellants at p. 24). While Moses does contain language supporting Merrill Lynch's contention, 460 U.S. at 19-21, 103 S.Ct. at 939, 74 L.Ed.2d at 782-83, we need not pass upon it. In this circuit the intertwining doctrine has developed largely to preserve the district court's exclusive jurisdiction over federal securities act claims. Sibley, 543 F.2d at 543. See also Belke, 693 F.2d at 1026; Sawyer, 642 F.2d at 793. Whether intertwining extends to stays of nonfederal proceedings, therefore, turns ultimately on the question of issue preclusion upon which Cone does not bear