**GOVERNMENT OF THE VIRGIN IS-LANDS, Division of Banking and Insurance; and the Government of the Virgin Islands, Plaintiffs,**

v.

**Lawrence M. NEADLE, Jr.; Francis Dickson; Robert E. Collins; Dichem Corp.; BancFlorida; Winnifred Jo Gillette, as Personal Representative of the Estate of Fred Gillette; Gillette, Pilon & Richman, P.A.; J. Michael Holmes; Donald Zumfelde; and Andre Delmotte, Defendants.**

No. 93–182–CIV–FTM–23D.

United States District Court,
M.D. of Florida.

April 15, 1994.

Frederick John Grady, Holland & Knight, Tampa, FL, for plaintiffs.

James S. Haliczer, Cooney, Haliczer, Mattson, Lance, Blackburn, Pettis & Richards, P.A., Ft. Lauderdale, FL, Donald E. Van Koughnet, Naples, FL, for defendant Winifred Jo Gillette.

Richard Burton Bush, Bush & Derr, P.A., Tallahassee, FL, for defendant Richman, Kolwalski & Lanier, P.A., f/k/a/ Gillette, Pilon & Richman.

Henry Salas, Davis, Scott, Weber & Edwards, Miami, FL, for defendant Francis A. Dickson.

Ronald W. Ritchie, Jeffrey S. Kannensohn, P.A., Naples, FL, for defendants BancFlorida, J. Michael Holmes, Donald Zumfeld, and Andre Delmotte.

### ORDER

GAGLIARDI, Senior District Judge.

Plaintiffs and Defendant Francis A. Dickson have moved for a stay of the proceedings in this action because they allege that it duplicates one pending in the district court for the District of the Virgin Islands ("DCVI"), civil no. 1991/310. Defendants BancFlorida, J. Michael Holmes, Donald Zumfelde, Andre Delmotte ("the bank defen-

dants"), and the estate of Fred Gillette ("Gillette's estate") oppose the motion.

Plaintiffs and Marshall & Sterling are the plaintiffs in the DCVI action. Each of the defendants herein is named in that action. The counts of this complaint are contained, verbatim, within the DCVI complaint. Defendant Gillette's estate claims that it has been dismissed from the DCVI action; Plaintiffs claim that Gillette's estate was dismissed only as to Marshall & Sterling. Plaintiffs brought this action to protect themselves in the event that Defendants prevail on appeal in the DCVI action on the ground that the DCVI lacks personal jurisdiction over them.

### A. The Standard for Granting a Stay of Related Proceedings

A district court has discretion to stay an action which duplicates one pending in another federal district court. *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 182–84, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). "[T]hough no precise rule · has evolved, the general principle is to avoid duplicative litigation." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 816–18, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (dictum); therefore, "[i]n the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case ...," *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir.1982). The power to stay dual proceedings is necessary to avoid the inefficiency of duplication, the embarrassment of conflicting rulings, and the confusion of piecemeal resolutions where comprehensive results are required. *West Gulf Maritime Ass. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir.1985).

The party moving for a stay bears the burden of demonstrating that it is appropriate; if a stay would create hardship for a party, however, then the movant must demonstrate that it would suffer hardship or inequity from going forward. *Landis v. North Am. Water Works .& El. Co.*, 299 U.S. 248, 254–56, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). Therefore, it is the opposing party's burden initially to demonstrate hardship.

*See id.* A complete identity of the parties is not required to stay an action, but any hardship a stay would cause for an opposing party thereby forced to stand by while its rights are determined by other litigation are to be considered in deciding whether to grant the stay. *Id.*

■ Gillette's estate and the bank defendants argue that Plaintiffs bear the burden of demonstrating the existence of a compelling reason for the entry of a stay. In support of this, they cite a footnote in *Coastal (Bermuda) Ltd. v. Saybolt & Co.*, 761 F.2d 198, 204, n. 6 (5th Cir.1985). The footnote is dictum; the case was dismissed because the court of appeals held that it lacked jurisdiction to consider a district court's order staying an admiralty action. *Id.* at 201.

In addition, in the footnote the court relied on *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 18–19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1984), for the proposition that a movant for a stay bears a heavy burden to show why a stay is necessary. *Saybolt*, 761 F.2d at 204, n. 6. *Mercury Construction* is inapposite, however, because it dealt with the appropriate course where an action is pending simultaneously in state and federal courts, *Mercury Constr.*, 460 U.S. at 4–6, 103 S.Ct. at 931. In that case, a federal court's "abiding duty" to exercise jurisdiction conferred upon it requires that it exercise that jurisdiction unless there are compelling reasons not to. *Colorado River*, 424 U.S. at 816–18, 96 S.Ct. at 1246. Where two federal courts with concurrent jurisdiction are involved, however, the movant need not demonstrate compelling need for a stay, *id.;* it must demonstrate merely that the stay is appropriate, *Landis*, 299 U.S. at 254–56, 57 S.Ct. at 166.

## B. Application of the Standard

■ Plaintiffs have demonstrated the propriety of a stay of this action. Unless Gillette's estate has been dismissed as to all plaintiffs in the DCVI action, the action herein is a subset of the action in the DCVI. The only difference between the cases would be that the DCVI action has an additional plaintiff and additional defendants. All of the parties to this action would be parties to the DCVI action. All of the claims contained in this action would be contained, verbatim, in the DCVI action. This being so, any time spent on this action by the parties and the Court is likely to be to no end because the defendants in the DCVI action could plead the defense of claim preclusion to a subsequent proceeding involving the same claims. *See* Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure*, § 4406 (1981).

Even if Gillette's estate is not a defendant in the DCVI case, a stay is appropriate because Gillette's estate has not demonstrated that it would suffer any hardship from a stay. Gillette's estate has not alleged that a trial of the DCVI action in its absence would have an effect on a subsequent trial of the same causes of action against it. It is highly unlikely, given the nature of the issues involved in the DCVI action, that it would have any preclusive effect on this action. *See* Wright, Miller and Cooper, *supra*, §§ 4416 & 4448–62 (issue preclusion arises in a second suit, when, among other things, the issue was actually decided in the previous suit and "the later litigation is between the same parties or involves nonparties that are subject to the binding effect or benefit of the first action" § 4416, p. 138).

Gillette's estate and the bank defendants have not demonstrated that they would suffer any hardship if this action is stayed. Though they cite a number of reasons why they believe a stay is not appropriate in this action, none of them amounts to hardship.

## C. Conclusion

A stay of this action until the resolution of the DCVI action, civil no. 1991/310, is appropriate. This action, therefore, will be stayed until that time. It is further ordered that the parties in the DCVI action provide to Gillette's estate notice of and the opportunity to participate in all depositions in the DCVI action if Gillette's estate does not remain a party to it.

So Ordered.