**Stanley B. DeHART, Plaintiff,**

v.

**Phillip MOORE et al., Defendants.**

**No. 76–1218–Civ–JLK.**

United States District Court,
S. D. Florida,
Miami Division.

Dec. 7, 1976.

**56**

Earl D. Waldin, Jr., of Smathers & Thompson, Miami, Fla., for plaintiff.

Eric B. Meyers, of Shutts & Bowen, Miami, Fla., for defendants.

ORDER GRANTING DEFENDANT'S MOTION TO STAY CERTAIN ACTIONS PENDING ARBITRATION AND GRANTING DEFENDANT'S MOTION TO STRIKE

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon defendants' motion to stay certain actions pending arbitration and defendants' motion to strike certain portions of the complaint. The court, having considered the record and being fully advised in the premises, finds and concludes that the motions should be granted.

This action was brought under the Securities Exchange Act of 1934 and under common law counts of fraud and misrepresentation. Plaintiff, an individual, entered into an agreement with defendant Paine, Webber Jackson & Curtis, Inc. ("Paine, Webber"), a securities dealer. That defendant prepared a standard form customers' agreement ("the agreement") establishing terms and conditions by which the defendant would, from time to time, purchase and sell securities for the account of plaintiff. Paragraph 14 of that agreement provided in part that "[a]ny controversy between [parties] arising out of or relating to this contract . . . shall be settled by arbitration . . . ."

Thereafter, Paine, Webber and the other 'defendants (who are employees of Paine, Webber) gave investment advice to plaintiff and bought and sold securities on his behalf. Plaintiff contends that he suffered losses as a result of material misrepresentations made by defendants about the extent and nature of their commissions and about their relationships with the purchased and sold securities. This court has original jurisdiction over the federal claims and pendant jurisdiction over the state counts.

Under the United States Arbitration Act, 9 U.S.C. § 3, United States courts are bound to give liberal interpretation to arbitration clauses within binding agreements. When an issue in any suit is "referable to arbitration under [an arbitration] agreement," this court should, on application of either party, "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Plaintiff does not dispute that this court is bound to follow this directive. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 406, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1965).

Both litigants agree, however, that the well-established *Wilko* doctrine precludes the application of the arbitration clause to actions under the federal securities laws. *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Thus the instant case presents claims subject to arbitration along with those that are not. In

this case, the arbitrable state and common law claims should be stayed pending their arbitration, provided they are "clearly severable from the other claims, both factually and legally." *Macchiavelli v. Shearson, Hammill & Co.,* 384 F.Supp. 21, 31 (E.D.Cal. 1974); *accord, Stockwell v. Reynolds & Co.,* 252 F.Supp. 215 (S.D.N.Y.1965) (claims severable); *Shapiro v. Jaslow,* 320 F.Supp. 598 (S.D.N.Y.1970) (claims not severable).

■ Resolution of whether the state and federal claims are "clearly severable" requires further study of plaintiff's complaint. As amended, the complaint contains four counts. For counts IV and V, the only arguably arbitrable claims, jurisdiction is alleged under both the federal securities laws and the principle of pendant jurisdiction. Jurisdictional allegations alone, however, will not bind the court's identification of the claim as arbitrable or otherwise.

In Count I plaintiff alleges a sequence of events that allegedly begets liability under the federal securities laws. In essence he contends that he opened a cash account and later a margin account with Paine, Webber; that certain representations were made by defendants concerning the nature and amount of commissions they would receive; that pursuant to and acting in reliance of defendants' financial advice, plaintiff caused certain securities to be bought and sold for him; and that in these purchases and sales Paine, Webber was acting as a principal and profiting to his detriment; and that the other defendants received undisclosed commissions in these purchases and sales.

In Counts III and IV plaintiff incorporates by reference the allegations of Count I and in addition alleges that that conduct constituted respectively breach of the customers' agreement and breach of defendant's common law fiduciary obligations. It is plaintiff's position that these alleged breaches are *in themselves* additional federal securities laws' violations.

■ The court does not agree that breach of an agreement or breach of a fiduciary obligation, even in the context of securities sales, are in themselves securities laws' violations. In general, to establish breach of contract one need not establish any particular mental state; furthermore conduct that is merely negligent may give rise to liability under common law fiduciary obligations. *Kutner v. Kalish,* 173 So.2d 763 (3d D.C.A.Fla.1965). However, scienter must be shown to prove violations under the securities laws, notably Rule 10b–5. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). It appears therefore that submission of plaintiff's common law and state law claims to arbitration would involve the determination of different issues from the federal claims, even though the claims seem based in substantially similar factual allegations. For this reason, this court will stay adjudication of counts III and IV pending arbitration of these counts under the procedures set forth in paragraph 14 of the agreement.

■ Defendants have in addition moved this court to strike, in the event the state claims are stayed pending arbitration, portions of the complaint requesting punitive damages. Under the weight of authority, punitive damages are not allowed in actions under the federal securities laws. *Flaks v. Koegel,* 504 F.2d 702 (2d Cir. 1974), *deHaas v. Empire Petroleum Co.,* 435 F.2d 1223 (10th Cir. 1970). Therefore the punitive damage claims should be struck, without prejudice to the plaintiff to reallege these claims if further developments in the state law causes of action so warrant.

It is therefore ORDERED AND ADJUDGED that defendant's motion to stay counts III and IV of the complaint pending arbitration be and the same is hereby granted. The parties shall submit these claims to arbitration according to the customers' agreement. The court will retain pendant jurisdiction over these claims pending their resolution. Furthermore, the remainder of the complaint will be considered by the court without delay, and the defendants are directed to file a responsive pleading thereto within 10 days from the date of this order.

58

It is further ORDERED AND ADJUDGED that defendant's motion to strike certain portions of the complaint requesting punitive damages be and the same is hereby granted without prejudice to the plaintiff to reallege these damages if circumstances warrant.

It is further ORDERED AND ADJUDGED that plaintiff's motion to enter default judgment be and the same is hereby denied, the defendant having filed a responsive pleading within the time prescribed by the federal rules.