OPINION OF THE COURT
Arthur S. Hirsch, J.
Upon the foregoing papers, the petitioner’s application pursuant to CPLR 7503 (subd [a]) for an order staying the two actions now pending between the parties in the Small Claims Part of the Civil Court of the City of New York for the County of Kings under Index Nos. S.C.K. 6785/79 and 3327/80 and directing that the parties submit said disputes to arbitration is denied, and the order to show cause granted May 7, 1980 to temporarily stay these actions is also denied. Since the respondent is appearing pro se, the clerk of this court shall forthwith send a copy of this decision and order, with notice of entry thereof, to the respondent and to the Small Claims Court in *877 which the underlying actions are pending. Upon receipt of the order, the clerk of the Small Claims Court shall fix an early date for the trial of the two actions and shall so advise the parties in writing of said date.
The court concludes that the arbitration clause contained in paragraph 7 of the customers’ agreement entered into by the respondent with the petitioner, a securities brokerage firm, is unenforceable, in light of the principles enunciated in Wilko v Swan (346 US 427) and Securities and Exchange Commission Release No. 34-15984 (issued on July 2, 1979 and published in the Federal Register, vol 44, No. 133, p 40462, July 10, 1979). Wilko v Swan (supra) and its progeny stand for the proposition that an agreement to arbitrate a controversy which may arise in the future between a customer and a securities brokerage firm is void and unenforceable as applied to a claim arising under the Federal securities law (Wilko v Swan, supra, pp 434-438; Matter of Merrill Lynch, Pierce, Fenner & Smith v Moore, 590 F2d 823, 825-829; Mansbach v Prescott, Ball & Turben, 598 F2d 1017, and cases cited therein at p 1030). On the other hand, claims not arising under the Federal securities law, such as contract, common law, fraud, negligence, etc., are arbitrable (Sibley v Tandy Corp., 543 F2d 540, 542-543, cert den 434 US 824; De Hart v Moore, 424 F Supp 55, 56-57; Macchiavelli v Shearson, Hammill & Co., 384 F Supp 21, 30-31; Stockwell v Reynolds & Co., 252 F Supp 215, 217, 220; Robinson v Bache & Co., 227 F Supp 456, 457-458).
In reliance upon these holdings, the Securities and Exchange Commission issued Release No. 34-15984 in which it imposed an affirmative duty upon broker-dealers to provide its customers adequate disclosure about the limited enforceability of predispute arbitration agreements. As the release states: "It is the Commission’s view that it is misleading to customers to require execution of any customer agreement which does not provide adequate disclosure about the meaning and effect of its terms, particularly any provision which might lead a customer to believe that he or she has waived prospectively rights under the federal securities laws, rules thereunder, or certain rules of any self-regulatory organization. Customers should be made aware prior to signing an agreement containing an arbitration clause that such a prior agreement does not bar a cause of action arising under the federal securities laws. If a broker-dealer customer’s agreement contains an arbitration clause, it must be consistent with current judicial deci *878 sions regarding the application of the federal securities laws to pre-dispute arbitration agreements.”
The arbitration clause involved here reads simply that: "Any controversy arising out of or relating to my cash and/or margin accounts to transactions with you for me or this agreement or the breach thereof shall be settled by arbitration in accordance with the rules, then in effect, of the National Association of Securities Dealers, Inc., the Board of Governors of the New York Stock Exchange or the Board of Governors of the American Stock Exchange as I may elect.” Since this clause obviously fails to distinguish between disputes which are subject to arbitration and those which are not, it is in contravention of Release No. 34-15984 and shall not be enforced by the court.