**Richard F. CARROTT, Appellant,**

v.

**SHEARSON HAYDEN STONE, INC., a corporation, and Leslie B. Simpson, Appellees.**

No. 83–5796.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 1983.

Decided Jan. 24, 1984.

Stephen H. Marcus, Rosin & Fern, Los Angeles, Cal., for appellant.

Samuel Keesal, Jr., Keesal, Young, & Logan, Long Beach, Cal., for appellees.

Before ELY, GOODWIN and REINHARDT, Circuit Judges.

PER CURIAM.

Carrott sued in district court to recover losses he says he sustained in stock transactions entered into between May and October 1978 with Shearson Hayden Stone through its employee, Simpson. In each of his complaint's five counts Carrott claims that Simpson solicited his purchase by giving him false and misleading information. Following these transactions Carrott sold at a loss of about $87,000 to cover margin calls. He pleaded various amounts, but his total loss on all transactions did not exceed the figure submitted to the jury on the count for violation of § 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j. The jury found no liability under that section. Regarding the remaining counts, the trial court dismissed two pendent state law counts and granted summary judgment on the two federal counts presently on appeal.

The first count on appeal is for liability under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l(2). For liability to be found under that section, defendants must make "an untrue statement of material fact or [omit] to state a material fact necessary in order make the statements . . . not misleading . . . ." In rejecting the § 10(b) claim, the jury found that there was no unlawful "manipulative or deceptive device or contrivance" in connection with the transactions at issue. 15 U.S.C. § 78j. More specifically, the language of Rule 10b–5, which implements § 10(b), makes the parallelism between § 10(b) and § 12(2) even clearer. It provides in part:

> It shall be unlawful . . . to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements . . . not misleading . . . in connection with the purchase or sale of any security. 17 C.F.R. § 240.10b–5.

Given this parallelism in the governing provisions, only one factor prevents us from declaring that a finding of no fraud under § 10(b) necessarily precludes liability for fraud under § 12(2).

In a § 10(b) action the burden of proving scienter is on the plaintiff. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). In a § 12(2) action the burden of showing lack of scienter is on the defendant. 15 U.S.C. § 77l(2). It is possible that the jury found for defendants because Carrott could not show scienter on their part. Hypothetically, if that were the case, Carrott might prevail under § 12(2) if defendants could not show lack of scienter.

We cannot determine whether this scenario is pertinent because Carrott has not provided us with a record including trial transcripts, and in particular, the jury in-

structions. Because both causes of action are based on the same alleged fraud, because there is no reason to believe that scienter was the determinative issue in the jury verdict of no fraud under § 10(b), and because it was Carrott's responsibility to provide us with a record, we dismiss Carrott's claim on the strength of the jury's finding of no liability under § 10(b).

■ Carrott also claims that summary judgment was improperly granted on his claim for relief pursuant to a private right of action under New York Stock Exchange Rule 405 (the "know your customer" rule). We have recently held there is no such right of action. *Jablon v. Dean Witter & Co.,* 614 F.2d 677 (9th Cir.1980). *But cf. Buttrey v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 410 F.2d 135, 143 (7th Cir.1969), *cert. denied,* 396 U.S. 838, 90 S.Ct. 98, 24 L.Ed.2d 88 (1969); *Leist v. Simplot,* 638 F.2d 283, 296 at n. 11 (2d Cir.1980), *aff'd,* 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982); *Rolf v. Blyth Eastman, Dillon & Co.,* 424 F.Supp. 1021, 1036 (S.D.N.Y.1977), *aff'd,* 570 F.2d 38 (2d Cir.1978).

The appeal is dismissed.