John R. CUMMINGS and Catherine
R. Cummings,

v.

A.G. EDWARDS & SONS, INC., et al.

Civ. A. No. 86–73–B.

United States District Court,
M.D. Louisiana.

June 12, 1986.

Dennis J. Hauge, Breazeale, Sachse & Wilson, Baton Rouge, La., for plaintiffs.

Frederick R. Tulley, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendants.

POLOZOLA, District Judge.

This matter is before the court on the following motions filed by the defendants: (1) motion to dismiss or strike, or in the alternative, for more definite statement; and (2) motion to compel arbitration and to stay proceedings pending arbitration. No oral argument is required on these motions.

John and Catherine Cummings filed this suit against the investment firm of A.G. Edwards & Sons, Inc. ("AGE") and Al Schiebel, a broker employed by AGE, seeking compensatory and punitive damages under Rule 10b–5 and § 10(b) of the Securities Exchange Act of 1934. Various state law claims have also been pended to the suit.

Plaintiffs contend that in January of 1983 they turned over to AGE their entire life savings of over $64,000 which were to be invested by AGE to provide retirement income to the Cummingses. However, the Cummingses allege that AGE and Schiebel fraudulently or recklessly violated the securities laws by: (1) churning, *i.e.,* excessive trading; (2) breaching their fiduciary duty toward plaintiffs; and (3) violating Article III, Section 2 of the Rule of Fair Practice of the National Association of Securities Dealers ("NASD") and Rules 405(1) and (2) of the New York Stock Exchange ("NYSE"). As a direct result of these violations, the plaintiffs contend that the net equity value of their investment has been reduced to $23,577 as of the date suit was filed. After the suit was filed, the defendants filed the pending motions.

Defendants seek to compel arbitration of this suit pursuant to Paragraph 20

of the Customer's Agreement between AGE and the Cummingses, which provides in pertinent part:

> Any controversy between the undersigned and the Firm or any of the Firm's officers, directors, agents or employees, arising out of this agreement or the performance or breach of this agreement, or any account with the Firm or any transaction by the undersigned with or through the Firm or any other cause whatsoever shall be settled by arbitration in accordance with the rules of the American Arbitration Association, the National Association of Securities Dealers, Inc., or such securities exchange as the undersigned may elect.... This paragraph shall not apply to any controversy involving a non-spurious claim under federal securities laws.[1]

It is clear that the Federal Arbitration Act, 9 U.S.C. §§ 1-14, requires this court to compel arbitration of the pendent state law claims and to stay these proceedings on those claims pending arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). The defendants also contend that this court should stay plaintiff's federal claims pending arbitration of the state law claims. This contention is without merit. In support of their motion to stay, defendants contend that the adjudication of plaintiffs' federal claims in this court "would very likely result in a waste of the court's time and energy, especially considering that whatever federal claims the plaintiffs have may be rendered moot by the arbitration."[2]

This court is not required to give res judicata effect to any decision reached in arbitration. *Byrd*, 105 S.Ct. at 1243; *McDonald v. City of West Branch*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984). Furthermore, different issues are involved in the federal and state law claims, even though the claims appear to be based on substantially similar factual allegations.[3] Finally, considerations of judicial economy should not prevent enforcement of a contract as intended by the parties. The Supreme Court noted in *Byrd* that "passage of the [Arbitration] Act was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered, and we must not ... allow the fortuitous impact of the Act on efficient dispute resolution to overshadow the underlying motivation." 105 S.Ct. at 1242. The clear intent of the parties to this action in entering into the Customer Agreement was to litigate all non-spurious federal securities claims and arbitrate state law claims. The right to litigate federal security claims should not be hampered simply because the contract requires arbitration of plaintiffs' state law claims. Thus, that portion of defendants' motion seeking a stay of plaintiffs' federal securities claims must be denied.

Since this action will not be stayed pending arbitration of the state law claims, the court must now determine: (1) whether or not plaintiffs have stated a claim upon which relief can be granted in Count 4 of the complaint; and (2) whether the remaining portions of the complaint should be dismissed or whether plaintiffs should be required to amend the complaint.

The defendants contend that no private right of action exists for violation of the NASD and NYSE rules. Thus, defendants argue plaintiffs' claims in Count 4 of the complaint for violation of those rules should be dismissed. The appellate courts which have ruled on this issue have split, and the Fifth Circuit Court of Appeals has provided no guidance.[4] The Seventh Cir-

---

**1.** Paragraph 10 of the Option Account Agreement contains identical language.

**2.** Memorandum in Support of Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration, pp. 7-8.

**3.** In *DeHart v. Moore*, 424 F.Supp. 55 (S.D.Fla. 1976), the court refused to stay the federal claims pending arbitration of the state law claims under substantially similar facts.

**4.** On at least three occasions the Fifth Circuit has declined to rule on this issue. *Miley v. Oppenheimer & Co.*, 637 F.2d 318, 333 (5th Cir. 1981); *Vigman v. Community Nat'l Bank & Trust Co.*, 635 F.2d 455, 458 n. 7 (5th Cir.1981);

cuit allowed a private right of action under NYSE Rule 405 where the facts alleged were "tantamount to fraud." However, in the same opinion the Seventh Circuit noted that "[w]e do not decide that an alleged violation of Rule 405 is *per se* actionable." [5] This decision was followed by the Tenth Circuit.[6]

The Ninth Circuit, however, rejected a claim under Rule 405 and the NASD rules, broadly holding that there is no private action for violation of stock exchange or stock association rules.[7] The Second Circuit, in a very thorough analysis of this issue by Judge Friendly, also denied a private right of action under Article XIV of the Constitution of the NYSE and Article III, § 1 of the NASD but stated:

> [W]e would not wish to say that such a [stock exchange] rule could not provide the basis for implying a private right of action.
>
> What emerges is that whether the courts are to imply federal civil liability for violation of exchange or dealer association rules by a member cannot be determined on the simplistic all-or-nothing basis urged by the two parties; rather, the court must look to the nature of the particular rule and its place in the regulatory scheme, with the party urging the implication of a federal liability carrying a considerably heavier burden of persuasion than when the violation is of the statute or an SEC regulation.[8]

However, in a later case decided by the Second Circuit, Judge Friendly noted that Rule 405 was analogous to NYSE Art. XIV and agreed with the Ninth Circuit that there is no private right of action under Rule 405.[9]

This court finds the decisions of the Second and Ninth Circuits which hold that there is no private right of action under NYSE Rule 405 and the NASD rules to be more persuasive and to correctly set forth what this court finds that law to be on this issue. Even under the Seventh and Tenth Circuit decisions, plaintiffs have failed to state a claim under Rule 405 and the NASD rules because the violation alleged in this complaint—the purchase of unsuitable securities—is not "tantamount to fraud." [10] Thus, plaintiffs' claims in Count 4 of the complaint for violations of NYSE Rule 405 and Article III, § 2 of the NASD rules must be dismissed.

Finally, the defendants contend that the plaintiffs' complaint should be dismissed for failure to plead the particulars of the fraud generally alleged in Paragraph XXVI of the complaint as required by Rule 9(b) of the Federal Rules of Civil Procedure. In the alternative, defendants contend that plaintiffs should be ordered to amend the complaint. The defendants contend that the complaint is deficient in the following respects: (1) plaintiffs have pleaded breach of fiduciary duty in Count 2 without a showing of actual deception, misrepresentation, nondisclosure or manipulation as required by *Santa Fe Industries v. Green*, 430 U.S. 462, 474–76, 97 S.Ct. 1292, 1301–02, 51 L.Ed.2d 480 (1977); (2) plaintiffs have failed to plead the elements necessary for a 10b–5 action, *i.e.*, misrepresentation of a material fact made in connection with the sale of a security, intent to defraud, reasonable reliance on the misrepresentations, and proximation causation, *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct.

*Wolfson v. Baker*, 623 F.2d 1074, 1081–82 (5th Cir.1980).

5. *Buttrey v. Merrill Lynch, Pierce, Fenner & Smith*, 410 F.2d 135, 142 (7th Cir.1969).

6. *Utah State Univ. v. Bear, Stearns & Co.*, 549 F.2d 164 (10th Cir.1977).

7. *Carrott v. Shearson Hayden Stone, Inc.*, 724 F.2d 821, 823 (9th Cir.1984); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 679–81 (9th Cir. 1980).

8. *Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178, 182 (2d Cir.1966).

9. *Leist v. Simplot*, 638 F.2d 283, 296 n. 11 (2d Cir.1980).

10. In *Rolf v. Blyth Eastman Dillon & Co.*, 424 F.Supp. 1021, 1041 (S.D.N.Y.1977), the court stated that allegations of unsuitability were not "tantamount to fraud."

1375, 47 L.Ed.2d 668 (1976); and (3) plaintiffs have failed to set forth the transactions of which they complain.

The plaintiffs have responded to defendants' motion by stating that the defendants were put on notice of plaintiffs' claims by handwritten information furnished to the defendants prior to the institution of this litigation. Thus, plaintiffs contend the facts alleged in the complaint, when combined with this handwritten information, establish a valid cause of action.

This court is aware that Rule 9(b) of the Federal Rules of Civil Procedure must be harmonized with Rule 8. However, harmonization does not mean complete abrogation of Rule 9(b). More than simple notice pleading is required when securities fraud is alleged,[11] and an allegation in a complaint cannot be supported based on information outside of the record, such as the handwritten information relied upon by the plaintiffs in this case. Since this information is readily available to plaintiffs, it should present no great difficulty for plaintiffs to amend the complaint to include this information in the complaint in the manner required by the Federal Rules of Civil Procedure.

Therefore:

IT IS ORDERED that the motion of defendants to compel arbitration and to stay be and it is hereby GRANTED only as to plaintiffs' pendent state law claims. In all other respects, the motion to compel arbitration and to stay is DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss Count 4 of the complaint be and it is hereby GRANTED. In all other respects defendants' motion to dismiss is DENIED.

IT IS FURTHER ORDERED that plaintiffs amend their complaint within twenty days of the date of this order in accordance with this opinion.

11. *Segal v. Gordon,* 467 F.2d 602, 606–07 (2d Cir.1972); *Klein v. Computer Devices, Inc.,* 591

F.Supp. 270, 278–79 (S.D.N.Y.1984).