Wayne MILANI, Plaintiff,

v.

CONTICOMMODITY SERVICES, INC., a Delaware Corporation, Harold Maine, Defendants.

No. C–75–2694 SAW.

United States District Court, N. D. California.

Oct. 26, 1976.

**406**

William E. Trautman and D. Wayne Jeffries, Chickering & Gregory, San Francisco, Cal., for plaintiff.

Paul H. Breslin, Long & Levit, San Francisco, Cal., for defendants.

Stephen F. Selig, Baer, Marks & Upham, New York City, for amicus.

### MEMORANDUM AND ORDER DENYING MOTION TO COMPEL ARBITRATION

WEIGEL, District Judge.

This matter is before the court on defendant's motion to compel arbitration pursuant to the United States Arbitration Act, 9 U.S.C. § 4 (1970). Jurisdiction is found in 28 U.S.C. § 1337 (1970) and under the doctrine of pendent jurisdiction.

Defendant ContiCommodity Services, Inc., is a commodities brokerage firm. Defendant Harold Maine is one of its account executives. Plaintiff, formerly a customer of defendants, alleges violations of sections 4b and 4o of the Commodity Exchange Act ("CEA"), as amended by the Commodity Futures Trading Commission Act of 1974, 7 U.S.C. §§ 6b & 6o (Supp. V 1975), as well as common law fraud, negligence, rescission, and breach of fiduciary duty.

Defendants' motion is based upon paragraph 8 of a Customer's Agreement signed by plaintiff on June 27, 1975, an agreement to arbitrate future disputes:

Any controversy between you and me arising out of or relating to this contract or the breach thereof shall be settled by arbitration in accordance with the rules then obtaining, of the American Arbitration Association or the Arbitration Committee of any exchange on which any order involved therein may have been executed or in which you shall have the benefit of membership. Arbitration must be commenced within one year after the cause of action has accrued by service upon the other of a written demand for arbitration, naming therein the arbitration tribunal.

Since the parties have conceded that the Customer's Agreement evidences a transaction in interstate commerce, it would ordinarily be subject to the terms of the United States Arbitration Act. However, plaintiff urges two reasons for not enforcing the arbitration provisions: (1) It is contrary to § 209 of the CEA, 7 U.S.C. § 7a(11) (Supp. V 1975), which permits arbitration only if it is voluntarily elected by a customer;[1] (2) Plaintiff also contends that *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), and its progeny make clear that arbitration is not to be ordered. These contentions will now be examined.

### I

■ Under section 209, an exchange or association of persons engaged in the business of selling commodities is required to have a procedure similar to a small claims court for the settlement of customer's claims and grievances. Under this settlement procedure, the amount in controversy cannot exceed $15,000 and arbitration cannot be used unless a customer voluntarily chooses it. Plaintiff contends that section 209 bars agreements to arbitrate future dis-

---

1. Each contract market shall—
    (11) provide a fair and equitable procedure through arbitration or otherwise for the settlement of customers' claims and grievances against any member or employee thereof: *Provided*, That (i) the use of such procedure by a customer shall be voluntary, (ii) the procedure shall not be applicable to any claim in excess of $15,000, (iii) the procedure shall not result in any compulsory payment except as agreed between the parties, and (iv) the term "customer" as used in this paragraph shall not include a futures commission merchant or a floor broker
    . . . . .

putes or disputes involving amounts in excess of $15,000. However, section 209 only sets out limitations upon the procedure established by the exchange or association. It does not prohibit a compulsory arbitration clause in an agreement between a member of an exchange or association and his customer; nor does it bar arbitration of disputes in excess of $15,000. *See Arkoosh v. Dean Witter & Co.*, 415 F.Supp. 535 (D.Neb., 1976). In the absence of a statutory or judicial exception, approval of private arbitration is presumed. 9 U.S.C. § 2 *et seq.* (1970); *Wilko v. Swan, supra.* There being no exception within the statute, plaintiff's second contention, that *Wilko* bars an order compelling arbitration, will now be considered.

## II

In *Wilko v. Swan, supra* at 431, 74 S.Ct. 182, the Supreme Court recognized that the "United States Arbitration Act establishes by statute the desirability of arbitration as an alternative to the complications of litigation." Nevertheless, the Court carved out an exception, holding that an agreement to arbitrate future disputes was not enforceable as to issues arising under the Securities Act. A further exception, barring agreements to arbitrate future disputes, has been created for claims under the antitrust laws. *E. g., Power Replacements, Inc. v. Air Preheater Co.*, 426 F.2d 980 (9th Cir. 1970); *American Safety Equipment Corp. v. J. P. Maguire & Co.*, 391 F.2d 821 (2d Cir. 1968). The *Wilko* holding has been extended to claims under the Securities Exchange Act. *E. g., Macchiavelli v. Shearson, Hammill & Co.*, 384 F.Supp. 21 (E.D.Cal.1974). *See also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 51–52, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), deciding that the right to a trial conferred by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Supp. V 1975), cannot be prospectively waived in a collective bargaining agreement.

■ These exceptions, as can be seen from the nature of the subject matter, were created to protect the integrity of the marketplace. The *Wilko* Court made clear that the protection of investors by federal courts controls over the policy favoring arbitration. 346 U.S. at 438, 74 S.Ct. 182. Judicial direction, at the trial level, is essential to assure that legislation designed to protect investors is properly applied. *Id.* at 436–37, 74 S.Ct. 182. Like the securities acts, the CEA is clearly designed to protect the investing public. *E. g.*, S.Rep.No.93–1131, reported in 3 *U.S.Code Cong. & Admin.News*, 93d Cong., 2d Sess., p. 5856 (1974).

■ In the only case to consider an agreement to arbitrate future disputes involving commodities, *Arkoosh v. Dean Witter & Co., supra*, the court ordered the parties to arbitrate. But its ruling expressly excepted cases where allegations of violations of the CEA were made. *Id.* at nn. 7 & 8. Where, as here, a claim of a violation of the Act is sufficiently raised, the action should be decided by the court, not by arbitrators.

Plaintiff also alleges common law claims, each of which arises out of the same transaction as the CEA claim. This court has broad discretion in deciding whether to order the common law counts to be arbitrated. *Macchiavelli v. Shearson, Hammill & Co., supra* at 31. Two parallel actions seem inefficient and unwarranted. The same facts would be considered by the court and then by the arbitrators. Accordingly, plaintiff's pendent claims will be decided by this court.

Since the court has decided that agreements to arbitrate future disputes will not be enforced where a claim of a violation of the CEA is sufficiently raised, defendants' motion to compel arbitration is denied.