Mark S. ROUECHE, Plaintiff,

v.

MERRILL LYNCH PIERCE FENNER & SMITH, INC., and James Igoe in his individual capacity, Defendants.

Civ. No. 80-0433.

United States District Court,
D. Hawaii.

Jan. 10, 1983.

David C. Schutter, Howard Glickstein, Schutter & Pavey, Honolulu, Hawaii, for plaintiff.

Jeffrey S. Portnoy, William J. Wynhoff, Cades Schutte Fleming & Wright, Honolulu, Hawaii, for defendants.

## ORDER

SAMUEL P. KING, Chief Judge.

### BACKGROUND

In August 1980 plaintiff Mark S. Roueche filed a seven-count complaint in both federal and state courts alleging damages suffered while buying and selling securities through a broker at the defendant firm of Merrill Lynch Pierce Fenner & Smith, Inc. ("Merrill Lynch"). The only difference between the complaints filed in federal and state courts is that Counts I and II of the federal complaint, unlike the state complaint, seek relief under section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78j(b) (1981). The remaining Counts III through VII allege common law or state law claims, such as fraud, breach of fiduciary duty, and conversion, and are brought before this Court by reason of pendent jurisdiction and diversity of citizenship.

By its present Motion for Stay of Proceedings Pending Arbitration, defendant Merrill Lynch seeks arbitration of the state law claims and a stay of proceedings on all claims, including the federal securities law claims, pending resolution of the arbitration. The basis for defendant's Motion is that the parties have agreed by contract that all claims arising out of the handling of plaintiff's account are to be referred to arbitration.

The circumstances of this case are complicated by a state court order dated January 27, 1982, staying all state proceedings pending arbitration. As of December 21, 1982, however, the parties had not yet proceeded to arbitration in accordance with the state court's order.

Despite plaintiff's decision to litigate this case in state as well as federal court, and notwithstanding the state court's order, plaintiff contends in opposition to defendant's Motion that all claims should be heard in federal court or at least that the arbitration should be stayed pending resolution of the federal securities law claims. In addition, plaintiff contends that Merrill Lynch has waived its right to compel arbitration because it has failed to pursue vigorously its contractual right to arbitrate the dispute.

### DISCUSSION

Having examined the arguments and the facts presented by counsel, the Court concludes that Merrill Lynch has not waived its right to arbitration. The primary question, therefore, concerns which proceedings, if any, ought to be stayed.

It is well established that claims brought under the federal securities laws

are not arbitrable. *See Wilko v. Swan,* 346 U.S. 427, 438, 74 S.Ct. 182, 188, 98 L.Ed. 168 (1953); *De Lancie v. Birr, Wilson & Co.,* 648 F.2d 1255, 1259 (9th Cir.1981); *see also* 15 U.S.C. § 78aa (1981) (granting district courts exclusive jurisdiction). Thus, defendant concedes that Count I of plaintiff's First Amended Complaint, which alleges securities fraud under section 10(b) of the 1934 Act, is not arbitrable. In their briefs submitted in regard to the present Motion, both parties seem to assume that Counts II through VII involve state law claims. Plaintiff's Complaint clearly indicates, however, that Count II, which deals with churning, was also brought under section 10(b) of the 1934 Act, rather than under pendent or diversity jurisdiction. Consequently, the Court concludes that neither Counts I nor II are arbitrable.

■ Defendant submits that the proceedings on the non-arbitrable claims in this Court should nonetheless be stayed because of the state court's stay pending arbitration. This Court's staying its own proceedings on the non-arbitrable claims, however, would be difficult to reconcile with the exercise of exclusive federal jurisdiction over federal securities laws. Moreover, such a stay would penalize plaintiff for bringing his case in state as well as federal court. The Court therefore declines to stay proceedings on Counts I and II.

The remaining question involves Counts III through VII, which allege violations of state law. In principle, the Court could adopt the "doctrine of intertwining" and hear all of the plaintiff's claims together, on the theory that the federal and state claims are intertwined due to the similar factual issues involved. The Ninth Circuit Court of Appeals in dictum has acknowledged the existence of this doctrine, which has been developed and applied primarily in the Fifth Circuit. *See De Lancie v. Birr, Wilson & Co.,* 648 F.2d at 1259 n. 4 (dictum) (citing *Miley v. Oppenheimer & Co.,* 637 F.2d 318 (5th Cir.1981)). In short, a court applying the doctrine ordinarily would deny arbitration of even arbitrable claims.

■ The better approach, particularly under the circumstances of this case, is to reject the intertwining doctrine. First, there is a strong federal policy in favor of enforcing arbitration agreements. Second, the intertwining doctrine could become the exception that swallows the rule, since skillful pleadings could always produce intertwining between federal and state claims. *See Dickinson v. Heinold Securities, Inc.,* 661 F.2d 638, 642–46 (7th Cir.1981). Furthermore, a decision by this Court denying arbitration of the arbitrable claims would have the effect of nullifying the outstanding state court order staying state proceedings pending arbitration. For these reasons, arbitration of the state law claims should not be denied.

■ Whether arbitration should be stayed pending adjudication of the exclusively federal claims is another question. Where federal claims are factually inextricable from arbitrable contract claims, courts typically stay arbitration pending adjudication of the federal claims in order to avoid any possible collateral estoppel effect of the arbitration. *See id.* at 644; *Lee v. Ply*Gem Indus.,* 593 F.2d 1266, 1274–75 & n. 67 (D.C.Cir.1979), *cert. denied,* 441 U.S. 967, 99 S.Ct. 2417, 60 L.Ed.2d 1073 (1979). In the present case, however, it is a *state* court that has already issued an order, on the assumption that the parties would be proceeding to arbitration. Under these unique circumstances, this Court is not so troubled by the limited collateral estoppel effects that might result from arbitration of Counts III through VII, particularly since plaintiff has chosen to bring suit in both forums and apparently has not yet proceeded to arbitration even though the state court issued its order approximately one year ago. If the parties arbitrate the state claims or if the state court issues a decision prior to adjudication of the federal claims, this Court would be free to adopt whatever factual determinations might be relevant to Counts I and II, as well as the factual and legal determinations relevant to Counts III through VII.

Accordingly, defendant's Motion for Stay of Proceedings Pending Arbitration is DENIED as to Counts I and II and GRANTED as to Counts III through VII.