A. Lamar BYRD, Appellee,

v.

DEAN WITTER REYNOLDS, INC., a Delaware corporation, Appellant.

No. 83–5736.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 1983.

Decided Feb. 22, 1984.

Eric V. Benham, Sullivan, Delafield, McGrath, & McDonald, San Diego, Cal., for appellee.

Eugene W. Bell, Kevin K. Fitzgerald, Jones, Bell, Simpson & Abbott, Los Angeles, Cal., for appellant.

William J. Fitzpatrick, New York City, amicus curiae.

Before GOODWIN and TANG, Circuit Judges and AGUILAR,* District Judge.

GOODWIN, Circuit Judge.

Dean Witter appeals the denial of its motion for an order severing Byrd's pendent state-law claims, compelling their arbitration, and staying such arbitration until after resolution of his federal securities claim. We have jurisdiction because the denial of the stay is an interlocutory order refusing an injunction under 28 U.S.C. § 1292(a)(1). We affirm.

Byrd alleges that he sold his dental practice and invested the $160,000 proceeds through Gale, Dean Witter's employee. Between September 1981 and March 1982 the value of the account declined by more than $100,000 due to allegedly improper handling by Gale. During this period Byrd alleges that Gale represented that the account was making a profit. The broker-client contract contained an agreement to arbitrate disputes arising out of the management of the account.

■ The United States Arbitration Act, 9 U.S.C. § 1, *et seq.,* provides that arbitration agreements are to be given effect. A federal court must stay an action if an issue involved is subject to a written arbitration agreement, 9 U.S.C. § 3. Notwithstanding the statute and the contractual agreement to arbitrate, because of the protective intent of the federal securities laws, arbitration of Byrd's claim under the Securities Exchange Act of 1934 is not compelled. *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); *De Lancie v. Birr, Wilson & Co.,* 648 F.2d 1255, 1259 (9th Cir.1981); *Sibley v. Tandy Corp.,* 543 F.2d 540, 543–544 (5th Cir.1976), *cert. denied,* 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977) (requiring arbitration of contractual claims before judicial resolution of securities claims); *Greater Continental Corp. v. Schechter,* 422 F.2d 1100, 1103 (2d Cir.1970).

---

* The Honorable Robert P. Aguilar, United States District Judge for the Northern District of California, sitting by designation.

In response to Dean Witter's contention that the federal securities claim should be tried in federal court and that the state-law claims should be arbitrated afterwards, Byrd asserts that the state and federal claims are so intertwined that to try them sequentially would cause needless delay and expense. We have previously addressed the doctrine of intertwining only once, by way of an approving reference in a footnote. *De Lancie v. Birr, Wilson & Co.,* 648 F.2d at 1258–1259 n. 4. District courts in the Ninth Circuit are split on this issue. *Roueche v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 554 F.Supp. 338 (D.Hawaii 1983), and *Macchiavelli v. Shearson Hammill & Co.,* 384 F.Supp. 21, 31 (E.D.Cal.1974), adopted the bifurcated approach, *i.e.,* trying the federal claims first and then leaving the state-law claims for arbitration. *Cunningham v. Dean Witter Reynolds, Inc.,* 550 F.Supp. 578 (E.D.Cal.1982), and *Milani v. Conticommodity Services, Inc.,* 462 F.Supp. 405, 407 (N.D. Cal.1976), adopted the intertwining approach, *i.e.,* not saving the state-law claims for arbitration. *Cunningham, Macchiavelli,* and *Milani* all asserted that the district court had discretion whether to order arbitration of the state-law claims or to try all claims in federal court.

Some courts have held denial of arbitration to be justified when the facts supporting all of the claims are intertwined, because arbitration of state claims could produce results that in effect would bind the federal court through issue preclusion as to the facts material to the federal securities claims. *See, e.g., Belke v. Merrill Lynch, Pierce, Fenner & Smith,* 693 F.2d 1023 (11th Cir.1982); *Miley v. Oppenheimer & Co.,* 637 F.2d 318 (5th Cir.1981).

Other circuits have held that when nonarbitrable federal securities claims are joined with claims subject to a valid arbitration agreement, a district court must separate the federal and state claims, order arbitration of the state claims, and stay arbitration of the state claims pending resolution of the federal securities claim. *Liskey v. Oppenheimer & Co.,* 717 F.2d 314 (6th Cir.1983);[1] *Dickinson v. Heinold Securities, Inc.,* 661 F.2d 638 (7th Cir.1981).

Given that "a federal court has the sole right to decide the ultimate issues essential to a federal securities law claim," *Dickinson,* 661 F.2d at 643–44, the problem with the result in *Dickinson* and *Liskey* is that it may frustrate the purpose of the Arbitration Act, *i.e.,* fast, inexpensive dispute resolution. It may also frustrate the intent of the federal securities laws to preserve access to the federal courts. *Wilko v. Swan, supra.* The Arbitration Act in 9 U.S.C. § 3 evidently did not anticipate the pleading of arbitrable and nonarbitrable claims arising out of closely intertwined, if not substantially identical, factual questions. *See Cunningham v. Dean Witter Reynolds, Inc.,* 550 F.Supp. at 582–585. The 1925 Arbitration Act certainly did not anticipate the Supreme Court's 1953 determination that the protective intent of federal securities laws was to take priority over the economic advantages of arbitration. *Wilko v. Swan, supra.* Therefore, when there are arbitrable and nonarbitrable claims arising out of the same transaction, the district court should have discretion to evaluate the degree to which the claims are intertwined. If the district court determines that they are so intertwined that the purposes of the Arbitration Act and the protective intent of the federal securities laws would be frustrated by separating the claims, then it should refuse to separate them.

In this case the pendent and federal claims depend on substantially the same factual issues. Therefore the trial court's order properly refused the stay.

Affirmed.

---

1. *Liskey* would seem to overrule *Mansbach v. Prescott, Ball & Turben,* 598 F.2d 1017, 1030–31 (6th Cir.1979) (directing the trial court to try both federal and state claims if they contain "substantially the same elements," otherwise to carve out the federal claim for trial), *but see, Liskey,* 717 F.2d at 320 n. 8a.