**MEDICAL & CHIROPRACTIC CLINIC, INC., Plaintiff,**

v.

**David M. OPPENHEIM and Bock Law Firm, LLC, Defendants.**

**Case No: 8:16–cv–1477–T–36TBM**

United States District Court, M.D. Florida, Tampa Division.

Signed 03/23/2017

Christopher Lee Griffin, Foley & Lardner, LLP, Tampa, FL, Jeffrey A. Soble, Lauren Michelle Loew, Patrick Joseph McMahon, Foley & Lardner, LLP, Chicago, IL, for Plaintiff.

Barry Blonien, Blonien Legal Counsel, Madison, WI, Phillip Bock, Daniel J. Cohen, Bock, Hatch, Lewis & Oppenheim, LLC, Jonathan B. Piper, Bock Law Firm, LLC, Chicago, IL, Christopher Stephen Polaszek, The Poloszek Law Firm, PLLC, James Dan Clark, Clark & Martino, PA, Tampa, FL, for Defendants.

## ORDER

Charlene Edwards Honeywell, United States District Judge

This matter comes before the Court upon Defendants David M. Oppenheim and

Bock Law Firm, LLC d/b/a Bock, Hatch, Lewis & Oppenheim, LLC's (collectively "Defendants") Joint Motion to Dismiss pursuant to Rule 12(b)(6) and the First Filed Action Doctrine or, in the alternative, to Stay. Doc. 31. Plaintiff, Medical & Chiropractic Clinic, Inc., ("Medical & Chiropractic") filed a response to which Defendants replied. Docs. 43, 59. In the motion, Defendants contend that (1) Plaintiff has failed to state a claim for breach of fiduciary duty because the interests of Plaintiff and the Defendants are not materially adverse; (2) the event which Plaintiff seeks to enjoin has already occurred; and (3) Plaintiff has failed to allege harm and/or that its interests are not fully protected by its ability to act in the class action pending before Judge Porcelli. In the alternative, the motion seeks dismissal and/or a stay because the case is duplicative of the actions already pending before Judge Porcelli.

Also before the Court is Medical & Chiropractic's Motion to Strike all References to Materials Outside of the Complaint in Defendants' Reply in Support of the Motion to Dismiss, to which Defendants responded. Docs. 61, 67. The Court, having considered the motions, responses thereto, and the Complaint, and being fully advised in the premises, will DENY Defendants' Motion to Dismiss and GRANT Plaintiff's Motion to Strike.

## I. STATEMENT OF FACTS[1] AND PROCEDURAL HISTORY

In 2009, the law firms of Anderson & Wanca and Addison & Howard began investigating potential Telephonic Consumer Protection Act ("TCPA") violations involv-

---

1. The following statement of facts is derived from the Complaint (Doc. 2), the allegations of which the Court must accept as true in ruling on the instant Motion. *See Linder v.*

ing the Tampa Bay Buccaneers (Doc. 2 at ¶ 9). In 2013, Cin–Q Automobiles, Inc. ("Cin–Q"), filed a putative class action lawsuit against the Buccaneers for alleged violations of the TCPA (*Cin–Q Automobiles, Inc. v. Buccaneers Limited Partnership*, 8:13–cv–1592–T–AEP) ("Federal Action") (*Id.* at ¶ 10). On January 3, 2014, Cin–Q and Medical & Chiropractic Clinic filed a second amended complaint which, *inter alia*, added Medical & Chiropractic as a putative class representative in the Federal Action (*Id.* at ¶ 12). Medical & Chiropractic has an interest in being named the class representative and obtaining class certification (*Id.* at ¶ 14). Since 2013, Cin–Q, Medical & Chiropractic and their attorneys have vigorously litigated and participated in fact discovery, depositions, class discovery, and expert discovery (*Id.* at ¶ 15). They have briefed cross-motions for summary judgment, motions for interlocutory appeal, and various other motions (*Id.*). On February 12 and August 31, 2015, day long mediation sessions were conducted without a settlement being reached (*Id.* at ¶ 28, 31, 37).

Defendant David M. Oppenheim was employed as an attorney by Anderson & Wanca when the Federal Action was filed (*Id.* at ¶ 17). Mr. Oppenheim's work focused on mediation and settlement negotiations in the Federal Action. (*Id.* at ¶ 22). In this role, he had access to Medical & Chiropractic's overall settlement strategy (*Id.* at ¶ 23, 24). Mr. Oppenheim was the primary representative for the plaintiffs in the Federal Action in connection with those mediations (*Id.* at ¶ 23). He also prepared and submitted the mediation

statements in preparation for the mediation sessions (*Id.*). On April 8, 2016, Mr. Oppenheim resigned from the Anderson & Wanca law firm (*Id.* at ¶ 18). Thereafter, Mr. Oppenheim began working for the Bock Law Firm [2] (*Id.* at ¶ 50).

On May 6, 2016, the Bock Law Firm, on behalf of Technology Training Associates, Inc., filed a similar class action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, against the Buccaneers Limited Partnership (*Id.* at ¶ 57). Shortly thereafter, Medical & Chiropractic's attorneys filed a Motion to Intervene in the Technology Training action (*Id.* at ¶ 75). On May 18th, Technology Training Associates filed a voluntary dismissal of the action (*Id.* at ¶ 82).

On June 1, 2016, Medical & Chiropractic filed the instant action and a Motion for a Temporary Restraining Order in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, against its former attorney, David M. Oppenheim, and his new law firm, the Bock Law Firm, LLC. Thereafter, Defendant Bock Law Firm removed the action to this Court (Docs. 1, 4). Medical & Chiropractic then filed a motion for a preliminary injunction (Doc. 5). Subsequently, this Court denied the motion for a preliminary injunction (Doc. 71).

On June 20, 2016, the Bock Law Firm filed a second Technology Training Associates action, settled the suit and filed, *inter alia*, a motion for preliminary approval of class action settlement which is pending. (*See Technology Training Associates, Inc.*

*Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

2. Defendant Bock Law Firm, LLC, d/b/a Bock, Hatch, Lewis & Oppenheim, LLC is registered with the Illinois Secretary of State as "Bock Law Firm, LLC" (Doc. 2 at ¶ 5).

*v. Buccaneers Limited Partnership*, 8:16–cv–1622–T–AEP; Doc. 1, 18).

The instant Complaint alleges breaches of fiduciary duty by Mr. Oppenheim and the Bock Law Firm (Count I) and aiding and abetting such breach of fiduciary duty against the Bock Law Firm (Count II). *See* Doc. 2.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* at 678, 129 S.Ct. 1937 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). When ruling on a motion to dismiss the Court must accept as true the factual allegations in the complaint. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983). The court, however, is not bound to accept as true a legal conclusion labeled as a "factual allegation"

in the complaint. *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679, 129 S.Ct. 1937 (citation omitted).

## III. DISCUSSION

### A. Motion to Dismiss

■ Defendants argue that the Complaint fails to state a claim because Plaintiff's proposition, that representation of one class representative is "materially adverse" to representing another class representative against a common defendant, is belied by case law and its own actions/filings in the underlying class actions. The Court disagrees.

■ The Complaint asserts claims for breach of fiduciary duty and for aiding and abetting such breach. In order to state a claim for breach of fiduciary duty, Medical & Chiropractic must plead: (1) existence of a fiduciary duty; (2) a breach of that duty; and (3) that such breach was the proximate cause of plaintiff's damages. *See Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002). To state a claim that Bock Law Firm aided and abetted Mr. Oppenheim's breach of fiduciary duty, Medical & Chiropractic must plead: (1) a fiduciary duty on the part of Mr. Oppenheim; (2) a breach of this fiduciary duty; (3) knowledge of the breach by the Bock Law Firm; and (4) the Bock Law Firm's substantial assistance or encouragement of the wrongdoing. *See AmeriFirst Bank v. Bomar*, 757 F.Supp. 1365, 1380 (S.D. Fla. 1991).

Defendants' motion only addresses the second[3] and third elements of a breach of fiduciary duty claim, thus for purposes of

---

**3.** Although not explicitly argued, Defendants'     contention that the Complaint fails to allege a

this Motion, the Court will assume that the first element of a breach of fiduciary duty is sufficiently pleaded.

### i. Plaintiff has sufficiently pleaded a breach of duty (second element)

According to the Complaint, Mr. Oppenheim owed Plaintiff fiduciary and ethical duties, including, *inter alia*, the duty of loyalty, the duty to disclose material facts and a duty to not represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of his former client, unless the former client gives informed consent. *See* Doc. 2 ¶ 41, 88–89, 93. Plaintiff alleges that it did not give consent and that such duties were also imputed to the Bock Law Firm. *Id.* at ¶ 92. In the Complaint, Plaintiff specifically alleges a violation of the Florida Rules of Professional Conduct, Rule 4–1.9 and the Illinois[4] Rules of Professional Conduct, Rule 1.9. Rule 4–1.9 imposes three requirements on attorneys who switch firms. They are as follows:

A lawyer who has formerly represented a client in a matter must not afterwards:

   (a) represent another person in the same or a substantially related matter in which that person's interests are *materially adverse to the interests of the former client* unless the former client gives informed consent

   (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or

   (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

*Id.* at ¶ 43. In addition, Plaintiff alleges a violation of the related provision in Florida Rules of Professional Conduct, Rule 4–1.10(b) which states that "[w]hen a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4–1.6 and 4–1.9(b) and (c) that is material to the matter." *Id.* at ¶ 47.

Defendants argue that the Complaint fails to allege a breach of duty because the interests of the former client are not "materially adverse" to those of the new client.[5] Defendants maintain that Plaintiff has acknowledged, in other contexts, that their interests and that of the Technology Training plaintiffs are not materially adverse. Defendants further argue that this

---

breach of duty would also applied to the second element of Plaintiff's aiding and abetting claim.

4.  Illinois Rule of Professional Conduct 1.7 "is generally implicated when counsel is representing one client in a lawsuit against another individual who is also the counsel's client. In other words, counsel is, in effect, on both sides of the lawsuit." *In re Comm'r of Banks &*

*Real Estate*, 327 Ill.App.3d 441, 261 Ill.Dec. 775, 764 N.E.2d 66, 98 (2001).

5.  Plaintiff contends that the Florida rules apply to this case while the Defendants dispute this contention, suggesting that more discovery is necessary in order to resolve the issue. The Court need not resolve this dispute at this point in the litigation because, under either state law, materially adverse interests have been alleged.

acknowledgment establishes that no con-flict/breach of fiduciary duty exists among the parties. Defendants also maintain that the duty of class counsel or potential class counsel in a class action, above all, is to the class members as a whole—as opposed to any particular named plaintiff. Lastly, Defendants argue that the Complaint fails to state a claim because it alleges, in a conclusory manner, that Mr. Oppenheim possessed confidential information relating to Plaintiff, but does not allege that any such information was used or divulged.

Here, while Defendants' insist that all parties are on the same side of the litigation such that there is no materially adverse interest among the parties, the allegations in the Complaint contradict this contention. Specifically, Plaintiff alleges that the parties are on opposite sides of the Technology Training Associates action because Mr. Oppenheim's new clients are advocating a position in direct opposition to his former clients. In addition, Plaintiff alleges that the case in which the former and current clients are adverse to each other is not only "substantially related" to Mr. Oppenheim's prior representation—it is the same matter. At this stage, Plaintiff need only allege "a plausible claim for relief" to survive a motion to dismiss and it has adequately done so. The Court must accept Plaintiff's allegations as true.

### ii. Plaintiff has sufficiently pleaded damages (third element)

In the Complaint, Plaintiff seeks injunctive relief to enjoin the Defendants from representing the Technology Training plaintiffs, *inter alia*, in the settlement proceeding. Defendants argue that Plaintiff's claim for injunctive relief fails because: (1) Plaintiff has an adequate remedy in law; and (2) the relief sought is moot since the matter is settled. In addition,

Defendants contend that there are no damages because (1) Plaintiff has every opportunity to opt out of, object to, or seek an incentive award from the Court in the settlement approval proceeding; and (2) the Complaint is a preemptive complaint filed before damages were fixed or actually suffered. The Court disagrees. Plaintiff alleges that if Mr. Oppenheim's breaches of fiduciary duty are permitted to continue, it will suffer significant damages, *inter alia*, loss of the ability to be named class counsel and potential future financial incentive. *See* Doc. 2 at ¶ 96. In addition, Plaintiff has alleged that it has already incurred damage in the form of costs and fees necessary to defend its rights. *Id.* At this point in the litigation, Plaintiff has sufficiently alleged damages in regards to Defendants' alleged conduct. Moreover, the Technology Training matter is not yet settled because final approval is still pending. As such, the relief sought is not moot. Accordingly, the Complaint has stated "a plausible claim for relief" such that it survives a motion to dismiss.

### B. Alternative—Motion to Dismiss (under the first-filed rule) and/or to Stay

Defendants argue that this action is duplicative of two underlying class actions and request that this Court either dismiss this action, under the first-filed rule, or stay the litigation. Defendants further argue that all of the issues are consumed within and/or will be litigated within the settlement approval process pending before Judge Porcelli. "The first-filed rule establishes that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.,* 713 F.3d 71, 78 (11th Cir. 2013)

(citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).

■ Defendants' contentions are without merit because, as the Court has already noted, this lawsuit for breach of fiduciary duty/aiding and abetting and the class action lawsuits under the TCPA are fundamentally different. The issues to be addressed in the instant case are not the same as the issues that will be addressed by the settlement proceeding. As such, the cases are not duplicative and/or competing. Accordingly, dismissal and/or a stay is not warranted.

### C. Motion to Strike all References to Materials Outside of the Complaint

■ Plaintiff argues that the exhibits attached to Defendants' reply in support of the instant motion (Doc. 59, Exs. A–C [6]) are improper and must be stricken. In general, courts may only consider matters within the four corners of the complaint in deciding a motion to dismiss. *See Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted). Moreover, if matters outside the pleadings are presented by the parties and considered by the district court, the Rule 12(b)(6) motion must be converted into a Rule 56 summary judgment motion. Fed.R.Civ.P. 12(d). "This Court, however, has recognized an important qualification to this rule where certain documents and their contents are

undisputed: 'In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.'" *Speaker*, 623 F.3d at 1379 (citing *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999) (stating that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute").

Here, Plaintiff argues that Defendants have improperly referenced materials outside of the four corners of the Complaint. Plaintiff further argues that these materials are not central to its allegations. The Court agrees and will not convert the motion to dismiss into a motion for summary judgment. Defendants may file a motion for summary judgment at which time these materials may be properly referenced and considered by the Court. Accordingly, Plaintiff's Motion to Strike All References to Materials Outside of the Complaint in Defendants' reply is granted.

## IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED**:

1. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) and the First–Filed Action Doctrine or, in the Alternative, to Stay (Doc. 31) is **DENIED**.

2. Plaintiff's Motion to Strike all References to Materials Outside of the

---

**6.** Exhibit A is excerpted testimony of Plaintiff's owner and managing agent, Ms. Zakrzewski, and one of Plaintiff's counsel in the CinQ action, Michael Addison, given during the hearing on Plaintiff's request for preliminary injunction held on July 18, 2016 (Doc.

59–1); Exhibit B is a court order from an unrelated TCPA class action (Doc. 59–2); and Exhibit C is an excerpt from the transcript of a status conference hearing held on June 27, 2016, in the TTA and CinQ cases pending before Magistrate Judge Porcelli (Doc. 59–3).

Complaint in Defendants' Reply (Doc. 61) is **GRANTED.** Exhibits A–C of Defendants Reply (Doc. 59) is **STRICKEN.**

**DONE AND ORDERED** in Tampa, Florida on March 23, 2017.